CLEMENTE FALERO, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 650. Argued March 25, 1929.—Decided April 10, 1929.

 

*F. Cervoni* for the petitioner.

Mr. Justice Texidor delivered the opinion of the court.

Clemente Falero was arrested on May 6, 1928, on a charge of murder in the first degree.

On January 30, 1929, the district attorney of Humacao filed in the district court an information against Falero for the crime of murder in the first degree and on the following day that information was dismissed on his motion. On the same day the district attorney presented to the court a new information against Clemente Falero for murder in the first degree. The accused moved that the information be quashed on the grounds that more than two hundred days had elapsed since his arrest for the crime charged and that the present information had been filed without leave of the court. The court overruled the motion and that ruling is the subject of this certiorari proceeding.

As a matter of interest in this case it should be observed that, as alleged by Falero himself before the District Court of Humacao in his motion to quash filed on February 13, 1929, the accused had been at liberty on bail since June, 1928, without specifying the day.

The text of section 452 of the Code of Criminal Procedure is clear. An order for the dismissal of the action is a bar to any other prosecution for the same offense if it is a misdemeanor, but is not a bar if the crime is a felony. That section does not fix any condition for beginning a new process or filing an information.

We have examined the order of the court which is in accordance with the law and the construction given to it by this court.

In *People* v. *Rivera*, 7 P.R.R. 300, this court held that the

dismissal of an information in a case of felony is no bar to a new information.

In *People* v. *Barbosa,* 34 P.R.R. 106, this court determined with all clearness the difference between dismissing the prosecution and quashing the information. After copying section 452 of the Code of Criminal Procedure it was said in the opinion that the law requires no order of the court for the new information, defining the difference between quashing and dismissing. The only requisite for the new information is that it be filed before the expiration of the time of prescription.

The ruling of the district court is correct and should not be reversed.

The petition must be denied, the writ discharged and the case remanded to the district court.